UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BARBARA G. ROBINSON,**

   **Plaintiff,**

v.                            Case No: 6:20-cv-32-EJK

**LINDA PIESKO and**
**ATTRACTIONS LODGING, INC.,**

   **Defendants.**
_____/

**ORDER**

  This cause comes before the Court on Plaintiff Barbara G. Robinson's Motion for Reconsideration and Motion for Temporary Restraining Order and Injunctive Relief (Doc. 54) ("Motion"), which the Court will construe as an amended motion for a temporary restraining order and preliminary injunction. For the reasons set forth herein, the Court denies the Motion.

**I. BACKGROUND**

  Plaintiff instituted this discrimination case against Defendants on January 8, 2020. Plaintiff is a Black female over the age of forty. (Doc. 16 at 7.) In October 2012, she was hired as a concierge with Attractions Lodging, Inc. ("Attractions Lodging"). (*Id.* at 10.) Plaintiff was employed there until May 2018, when she was forced to resign due to a negative work environment. (*Id.*) Specifically, Plaintiff alleges she was demoralized, bullied, verbally abused, disregarded, and disrespected.

Plaintiff's operative Second Amended Complaint alleges she was subjected to a hostile work environment, retaliation, and discrimination on the basis of her race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*See generally* Doc. 17.) Plaintiff also claims discrimination on the basis of her age, in violation of Age Discrimination in Employment Act of 1967 ("ADEA"). (*Id.*)

Plaintiff filed her first Motion for Preliminary Injunction on April 22, 2021 (Doc. 44), which the Court denied because it did not include a memorandum of law (Doc. 50). In the present Motion, Plaintiff seeks a temporary restraining order and injunctive relief based on allegations of continued retaliation. (*Id.* at 1.) Defendant failed to file a response; therefore, the Motion will be construed as unopposed. *See* Local Rules 3.01(c); 6.02(c).

## II.   STANDARD

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989)). "A showing of irreparable injury is 'the sine qua non of injunctive relief.'" *Siegel*, 234 F.3d at 1176 (citations omitted). "Significantly, even

if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Id.*

### III. DISCUSSION

Plaintiff's primary basis for seeking injunctive relief appears to be the outsourcing of her department to Defendant, or an unnamed third party, which resulted in the loss of her job, "loss of pay, loss of health benefits, and to place plaintiff in depraved economic status." (Doc. 54 at 4.) Plaintiff alleges that the outsourcing was undertaken with the intent to harass Plaintiff and to deprive her of her job (*id.*), but the Motion cites to no specific evidence to support that allegation.

Based on the record before the Court, the undersigned cannot find that Plaintiff has a substantial likelihood of success on the merits or that she is likely to suffer irreparable harm from Defendant's alleged actions. Perhaps Plaintiff will be able to develop these facts during discovery, but they are absent at this stage of the litigation. Therefore, no temporary restraining order or preliminary injunction may issue. Notably, if Plaintiff believes that additional retaliatory actions have occurred since the filing of her Second Amended Complaint, she may file a motion seeking leave to amend her complaint to make those new allegations, if she believes she will ultimately be able to prove them. *See* Fed. R. Civ. Pro. 11.

## IV. CONCLUSION

Upon consideration, it is **ORDERED** as follows:

1. Plaintiff Barbara G. Robinson's Motion for Reconsideration and Motion for Temporary Restraining Order and Injunctive Relief (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties