# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BARBARA G. ROBINSON,**

      **Plaintiff,**

v.                                                                  **Case No: 6:20-cv-32-EJK**

**ATTRACTIONS LODGING, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment (the "Motion"), filed February 28, 2022. (Doc. 58.) On March 21, 2022, Plaintiff Barbara G. Robinson filed an affidavit in opposition to the Motion (Doc. 59), a response in opposition (Doc. 61), and a supplement to the response (Doc. 62). Defendant thereafter filed a reply to the response. (Doc. 64.) Upon consideration, the Motion is due to be granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff instituted this discrimination case on January 8, 2020.[1] Plaintiff is a Black female over the age of forty. (Doc. 17 at 7.) In October 2012, she was hired as a concierge with Attractions Lodging, Inc. ("Attractions Lodging"). (*Id.* at 10.) Plaintiff was employed there until May 2018, when she states she was forced to resign due to a

---

[1] Plaintiff initially brought suit against Defendants Linda Piesko and Attractions Lodging, Inc. (Doc. 17.) On July 2, 2021, the Court granted Defendant Linda Piesko's motion to dismiss and dismissed all claims against Piesko with prejudice. Piesko was thereafter terminated as a defendant in the action.

negative work environment. (*Id.*) Specifically, Plaintiff alleges she was demoralized, bullied, verbally abused, disregarded, and disrespected.

Plaintiff's operative Second Amended Complaint alleges she was subjected to a hostile work environment, retaliation, and discrimination on the basis of her race and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Age Discrimination in Employment Act of 1967 ("ADEA"). (*See generally* Doc. 17.) Plaintiff also claims violations of the Florida Civil Rights Act ("FCRA"). (*Id.*) On December 10, 2020, Defendant filed a motion to dismiss, which this Court denied on July 2, 2021. (Docs. 31, 47.) Defendant has now filed the instant Motion for Summary Judgment. (Doc. 58.)

## II.  STANDARD

Federal Rule of Civil Procedure Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could impact the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the moving party shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the nonmoving party

to demonstrate that there are, in fact, genuine disputes as to material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citation and quotation marks omitted). In determining whether a genuine dispute as to material fact exists, the Court must read the record and the evidence presented in the light most favorable to the nonmoving party. *See Porter*, 461 F.3d at 1320.

Because Plaintiff in this case is proceeding *pro se,* the Court construes the pleadings more liberally; however, the Court does not have "license to serve as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (citation omitted).

### III. DISCUSSION

Defendant moves for summary judgment on Plaintiff's claims of hostile work environment, failure to promote, retaliation, and disparate pay. (*See* Doc. 58.) The Court addresses each issue in turn.

#### A. Relevant Temporal Scope

Before initiating an action, a plaintiff must satisfy an "exhaustion requirement" by filing a charge of discrimination with the EEOC. *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). The purpose of the exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged

discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* Because the Court applies the law developed in Title VII and ADEA cases interchangeably, the Court will not differentiate between Plaintiff's claims brought under those statutes in determining whether Plaintiff has satisfied the exhaustion requirement. *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007); *see also Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001) ("Moreover, we typically apply legal standards developed in Title VII and ADEA cases interchangeably.").[2] In Florida, a deferral state, the plaintiff must file an EEOC charge "within 300 days after the alleged unlawful practice occurred." *Snair v. City of Clearwater*, 787 F. Supp. 1401, 1407 (M.D. Fla. 1992); *see also Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001).

Here, Plaintiff filed an Employment Complaint of Discrimination (the "Charge") with the Florida Commission on Human Relations on July 17, 2017.[3] (Doc. 57-1.) Defendant thus argues that any evidence in support of Plaintiff's Title VII and ADEA claims "must fall within the date range of September 20, 2016, to July 17,

---

[2] Additionally, decisions construing Title VII are applicable when considering claims under the FCRA because the Florida act was patterned after Title VII. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Accordingly, the Court will not independently analyze Plaintiff's FCRA claims. *Latrece Lockett v. Choice Hotels Int'l, Inc.*, 315 F. App'x 862, 865 (11th Cir. 2009).

[3] The "EEOC and the Florida Commission on Human Relations have entered into a work-sharing arrangement which means that filing the charge with a single agency constitutes dual filing." *Showers v. City of Bartow*, 978 F. Supp. 1464, 1469 (M.D. Fla. 1997).

2017, because that is the 300-day period leading up to the date the Charge was filed." (Doc. 58 at 6.) The undersigned agrees. Any discrete, independent act that occurred prior to September 20, 2016, is time-barred under Title VII and the ADEA. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

With regard to Plaintiff's hostile work environment claim, however, the statutory time period is inapplicable. "[A] hostile work environment, although comprised of a series of separate acts, constitutes one 'unlawful employment practice,' and so long as one act contributing to the claim occurs within the filing period, 'the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'" *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 118); *Menefee v. Montgomery Cnty. Bd. of Educ.*, 137 F. App'x. 232, 233 (11th Cir. 2005) (stating that for a hostile work environment claim, "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claims occurs within the filing period.").

### B. Hostile Work Environment Claims

A Title VII hostile work environment claim requires proof of a workplace "'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment.'" *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Unlike discrete acts such as termination, refusal to transfer, or failure to promote, a hostile work environment claim by its nature involves repeated conduct and is "based on the cumulative effect of individual acts." *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115). To establish such a claim, a plaintiff must show:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Miller*, 277 F.3d at 1275.

Plaintiff appears to allege a hostile work environment claim based on racial discrimination and age discrimination. (Doc. 17 at 18–23.) Plaintiff also alleges a hostile work environment based on sexual harassment. (*Id.* at 20.) Construing the facts in the light most favorable to Plaintiff, the undersigned considers all events from the start of Plaintiff's employment with Defendant through July 17, 2017, the date Plaintiff filed the Charge.[4]

---

[4] In her Complaint and response to the Motion, Plaintiff makes allegations regarding events occurring after the date of the Charge. (*See* Docs. 17 at 10, 17, 21, 23, and 44; 61 at 11, 22, 31, 35, and 37.) As discussed above, Plaintiff must satisfy an "exhaustion

Plaintiff brings allegations regarding incidents that do not fall under the statutory protections, including: (1) "pestering issues, making the work site unsafe with trash remnants;" (2) not receiving "[p]roactive and positive response[s]" from management; (3) complaints about changes in the work schedule; (4) "frustrations throughout her employment" regarding "some teammates['] 'busy hands;'" and (5) a manager "with a confrontational attitude to instigate quarrel . . . sitting in Plaintiff's desk chair to work on his laptop" and using Plaintiff's computer. (Doc. 17 at 17, 18, 20, 21, and 22.) "Title VII is not a 'general civility code.'" *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Rather, this Circuit has noted that "Title VII does not prohibit . . . harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category such as sex." *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 837 (11th Cir. 2021) (quoting *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301–02 (11th Cir. 2007)). The alleged incidents Plaintiff references, while perhaps unpleasant or uncomfortable for Plaintiff, do not constitute incidents of harassment that discriminate based on a protected category. Therefore, the Court does not consider these allegations.

---

requirement" by filing a charge of discrimination with the EEOC. *Gregory*, 355 F.3d at 1279. Thus, the Court does not consider events occurring after the Charge.

### i. *Claim Based on Sexual Harassment*

Plaintiff alleges that she "suffered from unpleasant, abusing, and harassing actions from [a director], who on few occasions, will walk up to plaintiff kissing her directly on her lips unexpectedly and suddenly, at work site and work social events, during period of 2013-2015." (Doc. 17 at 20.) Defendant moves for summary judgment on this claim, noting that "there is no evidence to suggest that these alleged kisses occurred because of Plaintiff's age or race," and that Plaintiff did not allege "sex/gender discrimination in her Charge." (Doc. 58 at 10.) Plaintiff does not respond to the argument that this claim is administratively barred. (*See* Doc. 61.)

As noted above, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quotations and citations omitted). Thus, "[n]o action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Public Health Trust*, 369 F. App'x 19, 22 (11th Cir. 2010) (quoting *A.M. Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000) (*overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003))). While the scope of an EEOC charge should be liberally construed, the proper inquiry is whether the claims in a judicial complaint are like, related to, or grow out of the allegations contained in the EEOC charge. *Gregory*, 355 F.3d at 1280 (finding that a claim of retaliation based on race and sex discrimination is inextricably intertwined with the EEOC charge alleging race and sex discrimination, but not retaliation).

Plaintiff did not allege gender or sex discrimination claims in her Charge. (*See* Doc. 57-1.) Plaintiff's Charge alleges discrimination only on the basis of "race, national origin, retaliation, and age." (*Id.* at 1.) Moreover, Plaintiff marked only the "race," "national origin," "age," and "retaliation" boxes when indicating the causes of discrimination. (*Id.*) Notably, Plaintiff did not mark the box indicating discrimination based on "sex." (*Id.*) A review of the Charge reveals that Plaintiff's claims of sexual harassment are not like or related to, and did not grow out of, her claims of racial, national origin, and age discrimination she alleges in the Charge. The statement in the Charge alleges Defendant "ignored, excluded, and rejected" Plaintiff, as well as denied Plaintiff pay increases and promotions based on "ethnicity and age." (*Id.*) Nothing in the Charge encompasses the claim of sexual harassment Plaintiff brings in the instant action.

As such, the Court finds that Plaintiff's claims of sexual harassment were not administratively exhausted, as required, and are therefore barred. *See Thomas*, 369 F. App'x at 22 (affirming district court's decision and finding that because plaintiff's EEOC charge only asserted retaliation, race and sex discrimination allegations "were not exhausted administratively and were thus barred"); *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 600 (11th Cir. 2008) ("Enwonwu's Title VII charges based on race and national origin were appropriately barred because those charges could not reasonably be expected to grow out of the EEOC disability charge") (quotations and citation omitted); *Francois v. Miami-Dade Cnty.*, 742 F. Supp. 2d 1350, 1353 (S.D. Fla. 2010), *aff'd sub nom. Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819 (11th

Cir. 2011) (granting defendant's motion for summary judgment and barring plaintiff's national origin claims because they were not alleged in the EEOC charge). Thus, Defendant's Motion for Summary Judgment is due to be granted as to this claim.

> *ii.  Claims Based on Race, National Origin, and Age*

Defendant also moves for summary judgment on Plaintiff's hostile work environment claims based on race, national origin, and age. (Doc. 58 at 10–12.) Defendant refers to Plaintiff's interrogatory responses in which she specified events occurring in "August, September 2016, December, January–March 2018." (Doc. 57-3 at 23-24.) Plaintiff states she "encountered Derogatory comments from hecklers under pretext as business secret shoppers . . . confronting with disparaging comments, calling plaintiff 'bitch[,]' [']black Bitch,' go back where you come from." (*Id.*)

Defendant first contends that "[n]one of this testimony would tend to support a claim of harassment based on age." (Doc. 58 at 11.) The undersigned agrees. There is no evidence that the alleged harassment was based on Plaintiff's age, and a review of Plaintiff's allegations demonstrates that age is neither explicitly nor implicitly related to these allegations.

As to Plaintiff's claim that the hostile work environment was based on race and her national origin, the Court considers whether Plaintiff established the requisite elements. The Court does find that Plaintiff, who is Jamaican and Black, belongs to a protected group. The Court also finds that Plaintiff was subjected to unwelcome harassment based on these protected characteristics. And finally, the Court finds that there is a genuine dispute as to whether the harassment was sufficiently severe or

pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

To establish this element, a plaintiff must show "that [her] work environment is both subjectively and objectively hostile." *Fortson v. Carlson*, 618 F. App'x 601, 606 (11th Cir. 2015). For the subjective component, a plaintiff must "subjectively perceive the harassment as sufficiently severe or pervasive to alter the terms or conditions of his employment." *Id.* For the objective component, the "severity of harassment is judged from the perspective of a reasonable person in the plaintiff's position." *Id.* "In determining the objective element, a court looks to 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *McCann*, 526 F.3d at 1378 (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 116).

Plaintiff has alleged throughout the Amended Complaint that she suffered from offensive comments and negative bullying, making her work environment "pervasive [with] ridicule and mockery." (Doc. 17 at 43.) Plaintiff asserts that the disparaging comments occurred during the period of "August, September 2016, December, January–March 2018." (Doc. 57-3 at 23-24.) Although Defendant argues the Court should consider comments occurring during only "one or two months of 2016," as discussed above, the entire time period of the hostile environment is considered in determining liability. (Doc. 58 at 11); *see Watson*, 324 F.3d at 1258. Defendant's argument, incorrectly based on only a two-month period, does not persuade the Court

- 11 -

that a reasonable jury could not return a verdict for Plaintiff. Plaintiff alleges that the comments occurred over a period of several months, and while the comments were not physically threatening, a reasonable jury could find that Plaintiff's workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). In considering Defendant's Motion and reading the record in the light most favorable to Plaintiff, the Court cannot say Defendant is entitled to summary judgment on this claim.

### C. Failure to Promote

Plaintiff also "contends discriminatory intent" in Defendant's failure to promote Plaintiff. (Doc. 17 at 26.) Plaintiff highlights examples of two other employees, "outside the Protective class, or of a different age less than 40 years and less qualified than Plaintiff, a Black Female" who were promoted. (*Id.* at 26–31.) However, both of these employees were promoted in June 2016, more than one year before Plaintiff filed her charge. (Doc. 17-10 at 15–16.) While the continuing violation doctrine "permits a plaintiff to sue on an otherwise time-barred claim where at least one other violation occurred within the statutory period," the doctrine "does not apply to discrete acts of discrimination, such as a promotion denial or refusal to hire." *Brooks v. CSX Transp., Inc.*, 555 F. App'x 878, 880 (11th Cir. 2014) (citations omitted).

Because Plaintiff filed her Charge on July 17, 2017, any discrete, independent acts occurring before September 20, 2016 (for claims under Title VII and the ADEA)

and before July 17, 2016 (for claims under the FCRA), are time-barred because those claims were not brought within the limitations period. Thus, because Plaintiff's failure to promote claims are based on promotion decisions outside of the statutorily mandated timeframe, Plaintiff's claims are time-barred, and summary judgment will be granted in Defendant's favor on this issue. *See Brooks*, 555 F. App'x at 881 (finding failure to promote claims were time-barred where promotion denials occurred before the statutory time period).

### D. Retaliation Claim

Plaintiff's retaliation claim is based on allegations that Defendant reprimanded Plaintiff in November 2017 with "false tardy write ups" and attempted to "create fault finding, to magnify issues against Plaintiff." (Doc. 17 at 23–25.) Plaintiff also alleges Defendant reduced her work hours "under pretext" and stationed her at "a low-level commission site." (Doc. 57-3 at 10.) Defendant moves for summary judgment, arguing that the retaliation claim has not been administratively exhausted. (Doc. 58 at 18.) Plaintiff does not appear to respond to this argument. (*See* Doc. 61 at 7–8, 14–16.)

As previously noted, a "plaintiff may not sue for an unlawful employment practice under Title VII, such as sexual harassment or retaliation, unless she first files a charge of discrimination with the EEOC within 180 days of that unlawful employment practice." *Gardner v. Aviagen*, 454 F. App'x 724, 726 (11th Cir. 2011). Where "the claims challenge discrete discriminatory or retaliatory acts, the timely-filing requirement erects an absolute bar on recovery for acts occurring outside the limitations period." *Pino v. School Bd. of Collier County*, No. 2:06-cv-613-FtM-29SPC,

2008 WL 169718, at *3 (M.D. Fla. Jan.17, 2008).

Here, the retaliatory acts alleged by Plaintiff all occurred after Plaintiff filed the Charge on July 17, 2017, which Plaintiff admits. (Doc. 57-3 at 9–10.) Thus, in order for Plaintiff to sue on the retaliation claim, she must have filed a charge of discrimination. However, Plaintiff did not timely file a charge on her retaliation claim, nor did she amend the Charge, and as such, she has not exhausted the administrative remedies. Plaintiff's claim of discriminatory retaliation is therefore outside the scope of this action. *Fenderson v. Alabama Bd. of Pardons & Paroles*, No. 2:13-cv-51-CSC, 2014 WL 1017805, at *14 (M.D. Ala. Mar. 17, 2014) (granting summary judgment where plaintiffs failed to establish they met condition precedent of timely filing and exhausting administrative remedies). Thus, Defendant's Motion is due to be granted as to this issue.

### E. Disparate Pay Claim

Defendant also moves for summary judgment on Plaintiff's allegation that she received disparate pay, in violation of 42 U.S.C. § 1981 and the ADEA. (Doc. 58 at 21.) To establish a *prima facie* case for her disparate pay claim, Plaintiff must demonstrate that she was paid less than a similarly situated member of a different race or age group, and that she was qualified to receive the higher wage. *See Cooper v. Southern Co.*, 390 F.3d 695, 734–35 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006). Plaintiff and her comparators must be "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1229 (11th Cir. 2019). While Plaintiff names two employees who allegedly received

- 14 -

higher pay, Plaintiff does not provide any evidence as to their compensation or why they are similarly situated. (*See* Docs. 17 at 39–40; 61 at 17–20.) Plaintiff makes no argument regarding whether the comparators had similar levels of experience, education, training, or job responsibilities. In contrast, Defendant has presented evidence that Plaintiff's income was actually higher than one of the comparators. (Doc. 57-2 ¶ 19.) Plaintiff's inability to identify "any similarly situated comparators" and failure to present "other evidence sufficient to create an inference of discrimination" causes her disparate pay claim to fail. *Smith v. Thomasville Georgia*, 753 F. App'x 675, 698 (11th Cir. 2018).

**IV.    CONCLUSION**

Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 58) is **GRANTED IN PART AND DENIED IN PART**. The case will proceed to trial solely on the issue of Plaintiff's hostile work environment claim based on race and national origin.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE